UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:07-CV-239-KSF

THOMAS J. DZURILLA, Sr., et al.                                                          PLAINTIFFS

vs.                                        **OPINION AND ORDER**

ALL AMERICAN HOMES, LLC, et al.                                                       DEFENDANTS

\* \* \* \* \* \* \* \*

This matter is before the Court on the motion of Defendant All American Homes, LLC for summary judgment in its favor for Plaintiffs' failure to state a claim against it. The Court has considered the motion and response thereto and determined that the motion should be denied.

**I.     BACKGROUND**

Plaintiffs filed a Second Amended Complaint alleging that All American Homes, LLC ("AAH")[1] and All American Homes of Tennessee, LLC ("AAH-TN") manufactured and constructed their modular home in a damaged condition as a result of multiple violations of the Kentucky Uniform State Building Code and violations of Kentucky electrical and plumbing requirements. [DE 47]. Separate claims were made against only AAH for unauthorized practice of engineering, negligent or intentional misrepresentation, and unjust enrichment. *Id.*

AAH moves for summary judgment in its favor on several grounds. [DE 61]. First, AAH argues that it and AAH-TN are separate LLCs and that the elements of piercing the corporate veil have not been satisfied. AAH provides the affidavits of Richard M. Lavers and David Kurth regarding the separateness of the two entities. Lavers states in part that AAH did not manufacture industrialized building systems (modular homes), but only provided drafting and engineering

---

[1] "AAH" includes All American Homes, Inc., which became All American Homes, LLC.

services for AAH-TN. [DE 61, Ex. A]. He admits that AAH-TN was a wholly owned Limited Liability Company of AAH, but states they operated independently and observed corporate formalities. *Id.*

AAH further argues that it did not participate in the construction contract between Plaintiffs and the local contractor, Nelson, and thus could not be liable for negligent representation. [DE 61, pp. 6-7]. With respect to Plaintiffs' claim of unjust enrichment, AAH argues that the only sale of a modular home was between AAH-TN and Nelson; therefore, the Dzurillas conferred no benefit upon AAH-TN or AAH. *Id.*, p. 8. AAH suggests Plaintiffs should look to Nelson for any relief regarding their damaged structure.

Plaintiffs respond with the previously filed affidavit of Nelson that AAH-TN manufactured the modules, shipped them to Kentucky, erected them on the Dzurilla site, and completed all of the finishing work, including the electrical and plumbing systems. [DE 30-5]. Nelson's role was limited to constructing the footer, foundation, garage and front porch and arranging for utilities to be hooked up. *Id.* Plaintiffs also rely on the prior affidavit of Terry M. Slade, former Director of the Division of Building Codes Enforcement for Kentucky and administrator of the Kentucky Industrialized Building Systems ("KIBS") program from 1982 through 2005. Slade states that a modular home manufacturer must obtain a KIBS number for every model it intends to ship to Kentucky, and the KIBS application contains construction documents which are reviewed for compliance with the Building Code. [DE 31-2]. He states that All American Homes, Inc. and its successor, All American Homes, LLC, applied for all KIBS numbers for modular homes built at All American Homes' plants in Indiana or Tennessee. AAH-TN never obtained a KIBS number authorizing it to ship modular units to Kentucky. It is Slade's position that AAH remained responsible for compliance with the Building Code when it allowed AAH-TN to use its KIBS numbers for products sold in Kentucky. *Id.* at ¶ 4. Slade further states that whenever he needed to communicate regarding KIBS applications, questions or approvals, "it has always been through

All American Homes, LLC." *Id.* at ¶ 3. Ms. Dzurilla further stated that their initial inquiry regarding building a home for them was with AAH. [DE 30-6, ¶ 2]].

Plaintiffs respond that it is not necessary to pierce the corporate veil to hold AAH liable for the problems with the modular unit constructed on their property. [DE 64]. First, they note that the permanent labels on their home state it was manufactured by All American Homes. [DE 64, Ex E]. Next, they contend that AAH committed individual tortious conduct by allowing AAH-TN to manufacture modules under AAH's KIBS number without ensuring that the modules complied with the Building Code. Plaintiffs further argue that AAH-TN was the agent of AAH when it manufactured the units and that both the agent and principal may be held liable, despite any LLC or corporate status. They also claim that AAH received an upstream benefit from the sale of the home and from not having to pay the Dzurillas for repairs for which they had promised to pay. AAH did not file a reply brief.

**II.    ANALYSIS**

   **A.    Summary Judgment Standard**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party shows that there is an absence of evidence to support the nonmoving party's case, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Phillip Morris Companies, Inc.*, 8 F.3d 335, 340 (6th Cir. 1993). Conclusory allegations are not enough to allow a nonmoving party to withstand a motion for summary judgment. *Id.* at 343.

### B.     Motion of AAH for Summary Judgment

Plaintiffs in the present case did not rely on speculation or conclusory allegations. Instead, they provided factually specific affidavits and documents showing that AAH played a significant role in the shipment and construction of Plaintiffs' modular unit in Kentucky. The uncontradicted evidence is that AAH-TN was not authorized through its own KIBS number to ship or construct modular homes in Kentucky. The only entity authorized for this purpose was AAH. AAH submitted drawings to the Department of Housing Buildings and Construction and received approval for the plans meeting the requirements of the Building Code. [DE 30-3]. AAH specifically asked the Kentucky Office of Housing, Buildings and Construction to allow it "to build modular homes at either [its Indiana or its Tennessee] manufacturing plants under its KIBS number." [Slade Affidavit, ¶ 4]. Plaintiffs' modular home was manufactured by AAH-TN and erected on site in Kentucky by AAH-TN. [Nelson Affidavit ¶¶ 3-5]. It was necessary to use the KIBS number of AAH to do this. Despite this evidence already in the record, AAH provided no evidence to rebut these claims or to show that AAH-TN acted in an unauthorized manner without its knowledge. There is substantial evidence in the record that AAH did more than merely provide drafting and engineering services for the modular home sold in Kentucky. Plaintiffs have raised a genuine issue of material fact regarding the role of AAH in providing a modular home that does not meet the requirements of the Kentucky Building Code.

AAH's arguments regarding piercing the corporate veil have no relevance. First, Plaintiffs did not allege that the corporate veil should be pierced. *Sudamax Industria e Comercio de*

*Cigarros, LTDA v. Buttes & Ashes, Inc.*, 516 F. Supp. 2d 841 (W. D. Kentucky 2007), noted that a "theory of liability that the corporate veil should be pierced must be plead in the complaint." *Id*. at 847.

Second, a shareholder of a corporation or a member of an LLC can be held liable for its individual conduct, without regard to the limited liability status of the corporation or company. *See* KRS 271B.6-220(2) and KRS 275.150. While mere status as a manager of an LLC will not subject a person to liability, the statute does not preclude liability for the manager's own tortious conduct. Agents may also be held liable for their own acts. *See Smith v. Isaacs*, 777 S.W.2d 912, 914 (Ky. 1989) (The "agent of a corporation, albeit a principal shareholder and officer of the corporation, 'is personally liable for a tort committed by him although he was acting for the corporation,'" quoting *Peters v. Frey*, 429 S.W.2d 847, 849 (Ky. 1968)); *Pirtle's Adm'x v. Hargis Bank & Trust Co.,* 241 Ky. 455, 44 S.W.2d 541, 546 (1931) ("[A]n agent of a corporation is liable in damages for injuries suffered by third persons because of his (the agent's) tort, regardless of whether he acted on his own account or in behalf of a corporation, and regardless of whether or not the corporation is also liable.").

Courts treat limited liability companies the same as corporations for purposes of liability analysis. *See e.g., Daniels v. CDB Bell, LLC*, ___ S.W.3d ___, 2009 WL 2059079 (Ky. Ct. App. 2009), *motion for discretionary review pending* (December 2009); *Hodak v. Madison Capital Management, LLC*, 2009 WL 2903587 (6th Cir. 2009); *Skyway USA, Inc. v. Synergistic Communications, LLC*, 2008 WL 4000560 (W.D. Ky. 2008); *First Construction, LLC v. Gravelroad Entertainment, LLC*, 2008 WL 2038878, *1 (E.D. Ky. 2008). *See also Kaycee Land and Livestock v. Flahive*, 46 P.3d 323, 327-328 (Wyo. 2002) ("We can discern no reason, in either law or policy, to treat LLCs differently than we treat corporations. ... Most, if not all, of the expert LLC commentators have concluded the doctrine of piercing the veil should apply to LLCs."); Thompson, Robert B, "The Limits of Liability In The New Limited Liability Entities," 32 Wake Forest L. Rev. 1

at *7 (1997) ("[T]he liability protection of these new entities will not be markedly different than the protection provided by the corporate form."). *Hoang v. Arbess*, 80 P.3d 863, 867 (Colo. Ct. App. 2003) applied Colorado law that is strongly similar to Kentucky law when it held that a manager of a limited liability company can be held liable for his individual acts of negligence in constructing a home without adequate structural support and soil preparation. Under applicable law, a genuine issue of material fact exists in the present case as to whether AAH is liable to Plaintiffs for its individual acts or its acts as an agent.

Regarding Plaintiffs' claim of negligent misrepresentation, AAH argues that it "most likely had no communication with or even knowledge of the existence of the Dzurillas." [DE 61-2, p. 7]. Accordingly, it claims there is no evidence that AAH "actively participated in the fraudulent scheme, or was aware of its existence and did nothing about it." *Id.* AAH claims the "fraudulent scheme in this case would be the Dzurillas' entrance into the construction contract with Nelson." *Id.* To the Court, the real "scheme" appears to have been AAH holding itself out as providing modular homes in Kentucky that complied with the Building Code and, thereby, securing approval to ship the products to Kentucky, while it allowed AAH-TN to use its KIBS number to manufacture and construct non-compliant homes in Kentucky. The Dzurillas state that they first "called All American Homes and inquired about having them build a home for us" and were referred to Orvil Nelson & Company. [DE 30-6, ¶ 2]. Thus, there is evidence AAH had communication with and knowledge of the Dzurillas. Moreover, Nelson was not an individual looking for a home in Kentucky; he was "a dealer for All American Homes of Tennessee, LLC and All American Homes of Indiana, LLC." The existence of a "dealer" implies sales to third parties. AAH-TN used AAH's KIBS number to ship the modular home in issue to Kentucky and to construct it on the Dzurilla's site. Finally, AAH-TN represented that the Dzurillas would be paid for repair work on the home, but no payment was ever made. [DE 30-6, ¶ 5]. AAH's reliance on the corporate piercing analysis in *Com ex rel. Beshear v. ABAC Pest Control, Inc.*, 621 S.W.2d 705 (Ky. Ct. App. 1918) is misplaced for the reasons

6

discussed above. It is the opinion of this Court that the Plaintiffs have raised a genuine issue of material fact regarding their claim of negligent misrepresentation by AAH, such that AAH's motion for summary judgment must be denied.

AAH's claim of entitlement to summary judgment on the claim of unjust enrichment is based on the same "separateness" arguments rejected above. AAH and AAH-TN claim they did not receive any benefit from the sale between Nelson and the Dzurillas. They further contend AAH-TN "fully performed its obligations" in the sale to Nelson. There is a genuine issue of material fact regarding whether AAH or AAH-TN met their obligations when manufacturing and constructing the Dzurillas' home in Kentucky for their dealer Nelson, since the home failed to meet the requirements of the Building Code. Kentucky law provides a private right of action against any person who commits a violation of the Building Code. KRS 198B.130. Moreover, there was a pecuniary benefit from the failure to pay for repairs after promising the Dzurillas they would be paid. As the sole member/manager of AAH-TN, AAH has a pecuniary interest in the profits and losses of AAH-TN. There is a question of material fact regarding whether AAH was unjustly enriched by its failure to complete Plaintiffs' home in compliance with the Building Codes and by the failure to pay for repairs.

## III.   CONCLUSION

**IT IS ORDERED** that the motion of Defendant All American Homes, LLC for summary judgment [DE 61] is **DENIED**.

This January 4, 2010.



Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**